| | |
|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE |

| | |
|---|---|
| HTC AMERICA, INC., a Washington corporation, HTC CORPORATION, a Taiwanese corporation, and EXEDEA INC., a Texas corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SOFTVIEW LLC, a Washington limited liability company,<br><br>　　　　　　　　Defendant. | No. 2:11-cv-908<br><br>COMPLAINT FOR DECLARATORY RELIEF<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs HTC America Inc., HTC Corporation, and Exedea Inc. (collectively "HTC") hereby allege for their Complaint against Defendant SoftView LLC ("Defendant"), on personal knowledge as to their own activities and on information and belief as to the activities of others, as follows:

### THE PARTIES

1.　Plaintiff HTC America, Inc. is a wholly-owned subsidiary of Plaintiff HTC Corp. and is incorporated under the laws of the State of Washington, with its principal place of business at 13920 S.E. Eastgate Way, Suite 400, Bellevue, Washington 98005.

557869.01

COMPLAINT FOR DECLARATORY RELIEF
(No. 2:11-cv-908) – 1

91004-1110/LEGAL20998677.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2. Plaintiff HTC Corporation is a Taiwanese corporation with its principal place of business located at 23 Xinghua Road, Taoyuan City, Taoyuan County 330, Taiwan, Republic of China.

3. Plaintiff Exedea Inc. is a wholly-owned subsidiary of Plaintiff HTC Corp. and is incorporated under the laws of the State of Texas with its principal place of business at 5950 Corporate Drive, Houston, TX 77036.

4. On information and belief, Defendant SoftView LLC is a Washington limited liability company with its principal place of business at 112 Ohio Street, Suite 202, Bellingham, Washington 98225.

## NATURE OF THE ACTION

5. This is a declaratory judgment action seeking a determination that HTC does not infringe any claim of U.S. Patent Nos. 7,461,353 or 7,831,926 under 35 U.S.C. § 271, and that these patents are invalid under at least 35 U.S.C. §§ 102, 103 and 112.

6. On information and belief, Defendant is the owner by assignment of United States Patent No. 7,461,353 (the '353 patent), which is entitled "Scalable Display of Internet Content on Mobile Devices" and which issued on December 2, 2008. A true and correct copy of the '353 patent is attached hereto as Exhibit A.

7. On information and belief, Defendant is the owner by assignment of United States Patent No. 7,831,926 (the '926 patent), which is entitled "Scalable Display of Internet Content on Mobile Devices" and with issued on November 9, 2010. A true and correct copy of the '926 patent is attached hereto as Exhibit B.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendant. On information and belief, Defendant maintains its principal place of business in Bellingham, Washington, a city within this District, and has transacted business in Washington and in this District. Further, on information and belief, Defendant has continuous and systematic contacts with the State of Washington and

COMPLAINT FOR DECLARATORY RELIEF
(No. 2:11-cv-908) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

91004-1110/LEGAL20998677.1

the Western District of Washington, has purposely directed its activities at the State of Washington, and this action arises out of and relates to those activities.

9. On information and belief, among the federal judicial districts in the state of Washington, Defendant has the most significant contacts with the Western District of Washington.

10. As alleged more fully below, there is an actual, immediate dispute existing between HTC and Defendant regarding the invalidity and noninfringement of the '353 patent and the '926 patent.

11. This Court has subject matter jurisdiction over HTC's causes of action asserted here pursuant to 28 U.S.C. §§ 1331 and 1338(a), because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq*., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

13. HTC repeats and realleges the allegations of paragraphs 1 through 12 in their entirety.

14. HTC's sales, marketing, and product-support activities targeted to the American market are managed from Bellevue, Washington, a city within this District. HTC maintains its sales-and-marketing documents, including sales literature, forecasts, and market analyses that pertain to the United States market primarily in Bellevue and to a lesser degree in Taiwan. HTC maintains engineering, development, and manufacturing documents that relate to the Accused Products (the term is defined in paragraph 17 below), as well as related royalty and partner agreements, primarily in Taiwan and to a lesser degree in Bellevue. Design documents that relate to the Accused Products are maintained in Seattle and Bellevue, Washington, as well as in Taiwan and San Francisco.

COMPLAINT FOR DECLARATORY RELIEF
(No. 2:11-cv-908) – 3

91004-1110/LEGAL20998677.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

15. Shortly before filing this complaint, HTC learned that Defendant has contended in court filings in a separate lawsuit (to which HTC is not a party) that HTC's products infringe one or more claims of the '353 and '926 patents. Specifically, Defendant SoftView is the plaintiff in a separate patent infringement lawsuit pending in Delaware against two other companies. HTC is informed and believes that, more than a year after commencing that suit, Defendant SoftView has petitioned the Delaware District Court for leave to amend its pleadings to add HTC and other parties as new defendants who it claims infringe the '353 and '926 patents. SoftView did not communicate these allegations to HTC before filing its motion to amend. Upon information and belief, Defendant SoftView has not received leave to file such an amended complaint against HTC in the Delaware District Court, and Defendant SoftView's motion for leave to file its proposed amended complaint is still pending.

16. In contrast to its extensive connections with this judicial district, HTC has no offices in Delaware. As of the date of this filing, HTC has no plans to open a facility, retain personnel, or otherwise establish business operations in Delaware. HTC has no corporate repository of any of the above documents in Delaware.

17. In its proposed complaint, Defendant alleges for the first time that HTC infringes the '353 and '926 patents through making, using, offering to sell or selling devices having the Android Operating System and a web browser, including but not limited to devices sold under the trade names Aria, Desire, Dream, Eris, EVO, Hero, Incredible, Inspire, G1, G2, Legend, Magic, MyTouch, Nexus, Tattoo, Thunderbolt, Shift, and Wildfire. Collectively, these devices are referred to as the "Accused Products."

18. HTC disputes the allegations of infringement and validity contained in Softview's proposed amended complaint.

19. HTC has sold and will continue to sell one or more of the Accused Products in the United States and seeks declaratory relief concerning the issues of noninfringement and validity surrounding these patents.

COMPLAINT FOR DECLARATORY RELIEF
(No. 2:11-cv-908) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

91004-1110/LEGAL20998677.1

20. Litigation of this matter in this district is appropriate, particularly given the principal places of business of the parties.

**FIRST CAUSE OF ACTION**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT ('353 PATENT))**

21. HTC repeats and realleges the allegations of paragraphs 1 through 20 in their entirety.

22. HTC has not infringed, has not willfully infringed, is not now infringing, has not contributorily infringed, and has not induced infringement of any valid claim of the '353 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

23. HTC is informed and believes, based on Defendant's allegations in the proposed complaint that it has sought leave to file against HTC, that Defendant contends that one or more claims of the '353 patent are infringed by HTC's alleged manufacture, use, or sale of certain Accused Products.

24. Accordingly, a valid and justiciable controversy has arisen and exists between HTC and Defendant, relating to the noninfringement of the '353 patent. HTC desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

**SECOND CAUSE OF ACTION**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT ('926 PATENT))**

25. HTC repeats and realleges the allegations of paragraphs 1 through 24 in their entirety.

26. HTC has not infringed, has not willfully infringed, is not now infringing, has not contributorily infringed, and has not induced infringement of any valid claim of the '926 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

27. HTC is informed and believes, based on Defendant's allegations in the proposed complaint that it has sought leave to file against HTC, that Defendant contends that one or more

COMPLAINT FOR DECLARATORY RELIEF
(No. 2:11-cv-908) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

91004-1110/LEGAL20998677.1

claims of the '926 patent are infringed by HTC's alleged manufacture, use, or sale of certain Accused Products.

28.   Accordingly, a valid and justiciable controversy has arisen and exists between HTC and Defendant, relating to the noninfringement of the '926 patent.  HTC desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

### THIRD CAUSE OF ACTION
### (DECLARATORY JUDGMENT OF INVALIDITY ('353 PATENT))

29.   HTC repeats and realleges the allegations in paragraphs 1 through 28 in their entirety.

30.   HTC believes that the claims of the '353 patent are invalid because they fail to satisfy the conditions and requirements for patentability as set forth, *inter alia*, in §§102, 103 and 112 of Title 35 of the United States Code.

31.   HTC is informed and believes, based on Defendant's allegations in the proposed complaint it has sought leave to file against HTC, that Defendant contends that the claims of the '353 patent are valid and enforceable.

32.   Accordingly, a valid and justiciable controversy has arisen and exists between HTC and Defendant, relating to the validity of the '353 patent.  HTC desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

### FOURTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT OF INVALIDITY ('926 PATENT))

33.   HTC repeats and realleges the allegations in paragraphs 1 through 32 in their entirety.

COMPLAINT FOR DECLARATORY RELIEF
(No. 2:11-cv-908) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

91004-1110/LEGAL20998677.1

34. HTC believes that the claims of the '926 patent are invalid because they fail to satisfy the conditions and requirements for patentability as set forth, *inter alia*, in §§ 102, 103 and 112 of Title 35 of the United States Code.

35. HTC is informed and believes, based on Defendant's allegations in the proposed complaint it has sought leave to file against HTC, that Defendant contends that the claims of the '926 patent are valid and enforceable.

36. Accordingly, a valid and justiciable controversy has arisen and exists between HTC and Defendant, relating to the validity of the '926 patent. HTC desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

**PRAYER FOR RELIEF**

WHEREFORE, HTC requests entry of judgment in its favor and against Defendant as follows:

1. A declaration that HTC has not infringed, willfully infringed, induced others to infringe or contributed to the infringement of any valid claim of the '353 patent;

2. A declaration that all claims of the '353 patent are invalid;

3. A declaration that HTC has not infringed, willfully infringed, induced others to infringe or contributed to the infringement of any valid claim of the '926 patent;

4. A declaration that all claims of the '926 patent are invalid;

5. A declaration that this is an "exceptional case" under 35 U.S.C. § 285 and an award granting HTC its costs and reasonable attorneys' fees as permitted under that statute; and

6. Any other and further relief that this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, HTC demands a trial by jury.

COMPLAINT FOR DECLARATORY RELIEF
(No. 2:11-cv-908) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

91004-1110/LEGAL20998677.1

DATED: May 31, 2011  Respectfully submitted,

By: */s/ Ryan J. McBrayer*
Ryan J. McBrayer, WSBA No. 28338
RMcBrayer@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Of Counsel:
Leo L. Lam (*Pro Hac Vice Pending*)
Ashok Ramani (*Pro Hac Vice Pending*)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiffs HTC America, Inc., HTC Corp., and Exedea Inc.

COMPLAINT FOR DECLARATORY RELIEF
(No. 2:11-cv-908) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

91004-1110/LEGAL20998677.1