1

2                                                     The Honorable Thomas S. Zilly

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9    HTC AMERICA, INC., a Washington          )
     corporation, HTC CORPORATION, a          )
10   Taiwanese corporation, and EXEDEA        )    No. 2:11-cv-908
     INC., a Texas corporation,               )
11                                            )
                                              )    SOFTVIEW LLC'S MOTION TO
12                             Plaintiffs,    )    TRANSFER, STAY, OR DISMISS THE
                                              )    ACTION
13          v.                                )
                                              )    NOTE ON MOTION CALENDAR:
14   SOFTVIEW LLC, a Washington limited       )    AUGUST 12, 2011
     liability company,                       )
15                                            )    ORAL ARGUMENT REQUESTED
                               Defendant.     )
16   _____ )

17          Pursuant to 28 U.S.C. § 1404(a) and the "first-to-file" rule, defendant SoftView LLC

18   respectfully moves to either (1) transfer this action to the United States District Court for the

19   District of Delaware; (2) stay this action pending the resolution of the lawsuit that SoftView filed

20   against Apple Inc. and AT&T Mobility LLC in the District of Delaware (and to which SoftView

21   has sought to add HTC America, Inc., HTC Corporation, and Exedea Inc. (collectively,

22   "HTC"))(the "Delaware Action"); or (3) dismiss this action without prejudice.

23                                      INTRODUCTION

24          HTC's complaint exemplifies improper anticipatory litigation.  SoftView filed a motion

25   to join HTC to the Delaware Action more than five weeks before HTC filed its complaint in this

26   Court.  HTC's complaint is a mirror-image of SoftView's complaint against HTC in the Delaware

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS          FOSTER PEPPER PLLC
THE ACTION - 1                                           1111 THIRD AVENUE, SUITE 3400
Case No. 2:11-cv-908                                     SEATTLE, WASHINGTON 98101-3299
                                                    PHONE (206) 447-4400  FAX (206) 447-9700

1   Action.  Indeed, HTC admits that it knew about SoftView's motion to join it to the Delaware

2   Action before filing its complaint.  Complaint for Declaratory Relief ("Complaint") (Docket #1)

3   ¶ 15.  But the law is clear that HTC may not deprive SoftView of its choice of forum by filing a

4   declaratory judgment action in anticipation of SoftView's lawsuit.  *See EEOC v. Univ. of Penn.*,

5   850 F.2d 969, 976-77 (3d Cir. 1988).

6          Delaware is the sensible forum for this patent dispute with HTC.  SoftView first sued

7   Apple and AT&T Mobility for infringement of the same patented technology in Delaware over a

8   year ago.  When it became evident that HTC and a number of other Android-based phone makers

9   also infringed the patents-in-suit, SoftView sought leave to add these entities (18 in all) to the

10  Delaware Action.

11         Litigating SoftView's claims against all the accused infringers in the Delaware court is a

12  simple matter of judicial economy.  All 20 entities infringe the same patents-in-suit.  The same

13  patent claim terms will likely require construction, and the same validity analyses will be

14  necessary, regardless of whether SoftView's accusations proceed in one action or two.  Even if

15  the case against HTC were to proceed here, the Delaware Action would continue with the other

16  17 parties, with identical issues and the possibility of different courts reaching different results

17  on those issues.  It would save substantial resources for the parties and the federal court system if

18  SoftView's infringement claims against all the accused infringers were to proceed in the

19  Delaware Action.

20         HTC stresses in its complaint that one of the three HTC plaintiffs (though not the other

21  two) has a principal place of business in this District and that some of its documents (though not

22  all or even most) are located in this District.  Complaint ¶¶ 1-3, 14.  SoftView addresses the

23  convenience factors in detail below, but it is readily apparent from HTC's own allegations that

24  Washington is not a significantly more convenient forum in which to litigate this case.  To the

25  extent that the convenience factors may favor Washington, this preference is heavily outweighed

26  by considerations of judicial economy and improper anticipatory litigation.

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 2
Case No. 2:11-cv-908

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

1       In view of these facts, this Court should therefore either (1) transfer this action to the
2  United States District Court for the District of Delaware, (2) stay this action pending the
3  resolution of the Delaware Action, or (3) dismiss this action, without prejudice, in favor of the
4  Delaware Action.

5                **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

6       SoftView is a small technology company founded and run by Gary Rohrabaugh, a co-
7  inventor of all of SoftView's patents.  On May 10, 2010, SoftView filed its first-ever lawsuit:  an
8  action for the infringement of U.S. Patent No. 7,461,353 (the "'353 patent") against Apple Inc.
9  and AT&T Mobility LLC in the District of Delaware.  Declaration of Amir Naini in Support of
10  SoftView's Motion to Transfer, Stay, or Dismiss ("Naini Decl."), Ex. A (Complaint).   On
11  December 1, 2010, SoftView amended its Delaware complaint to add newly-issued U.S. Patent
12  No. 7,831,926 (the "'926 patent").  *Id*. Ex. B (First Amended Complaint).

13       On April 22, 2011, SoftView filed a motion for leave to amend its complaint to add
14  claims of infringement against 18 Android-based phone makers, including the three HTC
15  entities.  *Id*. Ex. C (Motion for Leave to Amend).  Briefing on SoftView's motion for leave to
16  amend was completed on May 23, 2011, and the motion is currently pending.  Many of the
17  accused infringers are Delaware companies;[1] all are subject to the Delaware court's jurisdiction.
18  *See id*. Ex. D (Proposed Second Amended Complaint).  HTC America, Inc. is the only accused
19  infringer that either is incorporated in or has its principal place of business in Washington.

20       On May 31, 2011—more than five weeks after SoftView sought leave to join HTC to the
21  Delaware Action—HTC filed its complaint for declaratory judgment of non-infringement and
22  invalidity of the '353 and '926 patents in the Western District of Washington.  The Washington
23  complaint referred not only to the Delaware Action but also to SoftView's pending motion for
24  leave to amend in that action:  "Defendant SoftView has petitioned the Delaware District Court

25
26  [1] AT&T Mobility LLC; Dell Inc.; Kyocera Wireless Corp.; LG Electronics USA, Inc.; Motorola
Mobility Inc.; Samsung Telecommunications America, LLC; Sony Ericsson Mobile
Communications (USA) Inc.

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 3
Case No. 2:11-cv-908

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1  for leave to amend its pleadings to add HTC and other parties as new defendants who it claims

2  infringe the '353 and '926 patents . . . . SoftView's motion for leave to file its proposed amended

3  complaint is still pending."  Complaint ¶ 15.

4  **ARGUMENT**

5  Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of

6  justice, a district court may transfer any civil action to any other district or division where it

7  might have been brought."   Federal courts developed the "first-to-file" rule to address

8  circumstances where actions in separate courts involve at least some of the same parties and

9  essentially the same issues.  The purpose of the first-to-file rule is to eliminate unnecessary

10 burdens on federal courts, promote uniformity in the judicial system, and discourage improper

11 litigation tactics such as forum shopping.  *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931,

12 937-38 (Fed. Cir. 1993); *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir.

13 2005).  The first-to-file rule is a "starting point" for forum analysis.  *Interwoven, Inc. v. Vertical*

14 *Computer Sys., Inc.*, Nos. C 10-4645 RS and C 11-0189 RS, 2011 WL 1642250, at *3 (N.D. Cal.

15 May 2, 2011).  In a simple case of two concurrent, mirror-image complaints filed in different

16 district courts, the default course of action (barring any equitable considerations) is to defer to

17 the first-filed action and transfer, stay, or dismiss proceedings in the later-filed action.

18 *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal.

19 2008).  However, both precedent and common sense counsel against "rigid" application of the

20 first-to-file rule, *EEOC*, 850 F.2d  at 976, and "[e]xceptions . . . are not rare."  *Genentech*, 998

21 F.2d at 937. "Foremost among [the] equitable considerations are the timing and circumstances

22 surrounding the filing of" the first-filed suit.  *Yoder v. Heinold Commodities, Inc.*, 630 F. Supp.

23 756, 760 (E.D. Va. 1986).

24

25

26

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 4
Case No. 2:11-cv-908

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.  This action should not proceed because, for all intents and purposes, the Delaware Action was filed first.

SoftView filed its original complaint in Delaware more than a year before HTC filed the Washington complaint.  HTC became involved in Delaware when SoftView filed a motion for leave to amend its complaint to add the Android-based phone makers.  <u>SoftView filed its motion for leave to amend more than five weeks before HTC filed the Washington complaint.</u>

If the Delaware court had granted SoftView's motion shortly after briefing was completed, then there would be no question that HTC's complaint in the instant action was filed second.  There is a wrinkle in the first-to-file analysis, however, because  SoftView's amended complaint may not be "filed" until the Delaware court grants SoftView's motion.[2]  But this technicality should not change the result because, taking a step back, the purpose of the first-to-file rule unequivocally favors SoftView.  *See EEOC*, 850 F.2d at 976 (observing that the first-to-file rule "is not a rigid or inflexible rule to be mechanically applied").

More than five weeks before HTC filed the Washington complaint, SoftView had already submitted its proposed amended complaint to the Delaware court, declaring its choice of forum and setting the Delaware case against HTC in motion.  HTC knew about SoftView's motion when it filed Washington action.  Indeed, the Washington action is plainly HTC's reaction to SoftView's motion to join HTC to the Delaware action.

If the Court were to find that the Delaware Action is first-filed, no exception to the first-to-file rule would apply.  As discussed in detail below, judicial economy favors litigating SoftView's infringement claims in Delaware, where the case has already been proceeding for a year (albeit without HTC until the filing of SoftView's motion for leave to amend).  There can be no argument that SoftView sought to add HTC to the Delaware Action in bad faith or to

---

[2] SoftView has not located any decisions concerning the first-to-file rule with this unusual factual scenario of a declaratory judgment complaint being filed while a joinder motion was pending in another district.

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 5
Case No. 2:11-cv-908

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

anticipate HTC's imminent filing; HTC makes no claim that it planned to file this action before it learned that SoftView was seeking to join it to the Delaware Action.  *See* Complaint ¶ 15.

### II.  Even if the Delaware Action were not first-filed, equity and judicial economy necessitate litigating in that forum.

Deferring to the first-filed action is merely the default practice for dealing with concurrent, mirror image suits.  *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) ("The first-filed action is preferred . . . unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.").  The first-to-file rule is a "starting point," and preference for this rule is tempered by the "trial court's discretion" to identify "the forum in which all interests are best served."  *Interwoven*, 2011 WL 1642250, at *3 (citing *Serco*).  "Exceptions . . . are not rare."  *Genentech*, 998 F.2d at 937.  Courts may elect not to follow the first-to-file rule where there is a "sound reason that would make it unjust or inefficient to continue the first-filed action."  *Id.* at 938.  Common exceptions to the first-to-file rule include (1) circumstances that suggest anticipatory litigation, *EEOC*, 850 F.2d at 976-77, and (2) when administrative considerations make the second-filed action the logical or practical choice.  *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).  Here, the procedural posture of the two actions makes Delaware the equitable and practical forum for this litigation.

### A.  HTC filed this action in a deliberate attempt to abrogate SoftView's choice of forum.

When resolving a forum battle, a court must consider whether "a first-filed suit is merely the product of inappropriate jockeying for a favored forum."  *Interwoven,* 2011 WL 1642250, at *3; *Ven-Fuel, Inc. v. Dept. of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (first filing not controlling when it was made "in apparent anticipation of imminent judicial proceedings" by opposing party); *see Micron Tech., Inc. v. MOSAID Techs, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008) ("A district court may consider a party's intention to preempt another's infringement suit when ruling on the dismissal of a declaratory action . . . .").

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 6
Case No. 2:11-cv-908

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

For example, in *EEOC*, the Equal Employment Opportunity Commission had obtained a subpoena for certain documents held by the University of Pennsylvania.  850 F.2d. at 972.  The commission notified the university that it would initiate subpoena enforcement proceedings unless the university "responded to the subpoena within twenty days."  *Id.* at 973.  Three days before this period expired, the university filed a declaratory judgment action in the District of Columbia, claiming constitutional violations.  *Id.*  Seven weeks later, the commission initiated a subpoena enforcement action in the Eastern District of Pennsylvania.  *Id.*  The Pennsylvania district court found that the university filed in the District of Columbia because it wanted to avoid certain unfavorable caselaw in Pennsylvania, where it expected the commission to file.  *Id.* at 973-74.  The Third Circuit noted the importance of only one court hearing the case, because even though the legal claims were different, the end result would determine whether or not the subpoena would be enforced.  *Id.* at 974.  And the court noted that the problem of potentially conflicting outcomes was "of the University's own making" and that "it must have anticipated this problem when it decided to preempt an inevitable . . . action by filing suit three days before expiration of the [commission's] grace period in what it perceived as a more favorable forum."  *Id.*  The court observed that "the first-filed rule is not a rigid or inflexible rule to be mechanically applied."  *Id.* at 976.  Because the university had attempted to preempt an imminent lawsuit by filing in another district, the Third Circuit affirmed the district court's refusal to dismiss the second-filed action.  *Id*. at 979.

Likewise, in *Serco*, Kelley sent Serco a letter dated September 8, stating that Serco infringed Kelley's patent and warning that "Unless you confirm to us by September 20, 1993 that Serco will discontinue the manufacture or sale of any infringing device, Kelley will commence a law suit to enjoin further infringement . . . ."  51 F.3d at 1038.  On September 17, Serco filed a declaratory judgment action in the Northern District of Texas.  *Id.*  On September 20, Kelley filed a patent infringement action in the Eastern District of Wisconsin.  *Id.*  The Texas court granted Kelly's motion to dismiss, concluding that "Serco had filed its suit in anticipation of

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 7
Case No. 2:11-cv-908

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1    Kelly's infringement action," which merited dismissal of the declaratory judgment action so the
2    Wisconsin case could proceed. *Id.* The Federal Circuit considered Serco's argument that this
3    case should not have been dismissed as anticipatory because "that term applies only to suits
4    motivated by forum shopping," a concern obviated by the Federal Circuit's nationwide
5    jurisdiction. *Id.* at 1039. The Federal Circuit found that, even if its jurisdiction "tempered the
6    impact of traditional forum shopping," the district court could properly exercise its discretion in
7    considering anticipation as a factor in favor of dismissal. *Id.* at 1040.

8         Here, HTC brought its declaratory judgment action after learning that SoftView had
9    sought leave from the Delaware court to amend its complaint to add HTC to that case. SoftView
10   had submitted a proposed amended complaint, naming HTC, with its motion for leave to amend.
11   Under the practices of the Delaware court, the proposed amended complaint would have been
12   *automatically* filed upon the court granting the motion, without any further action or input from
13   SoftView. It is difficult to think of a clearer example of a lawsuit being "imminent." The rights-
14   enforcers in *EEOC* and *Serco* made promises to bring suit in a specific period of time; SoftView
15   went one step further by filing papers to initiate proceedings against HTC in Delaware. So rather
16   than filing to beat a unilaterally imposed deadline that a party might or might not enforce, HTC
17   was in a race not with SoftView but with the Delaware judge whose imminent ruling could
18   integrate HTC into that case. HTC attempted to take advantage of what it saw as a procedural
19   window: Until the Delaware court granted SoftView's motion, it arguably had not exercised
20   jurisdiction over HTC, so HTC could file in Washington and seek to deprive SoftView of its
21   choice of forum by claiming that its complaint was technically filed first. This procedural
22   maneuvering violates the spirit of the first-to-file rule and should not be countenanced.

23   **B. Administrative considerations weigh heavily in favor of litigating in Delaware.**

24        A court should defer to the forum of the second-filed action when administrative
25   considerations favor that forum. *Vistaprint*, 628 F.3d at 1344-45 (Fed. Cir. 2010); *see also*
26   *Genentech*, 998 F.2d at 938 (Preference for the first-filed suit "should yield to the forum in

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 8
Case No. 2:11-cv-908

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

1    which all interests are best served" when there is "sound reason that would make it unjust or

2    inefficient to continue the first-filed action.").   Administrative considerations include judicial

3    economy and the risk of inconsistent judgments.  *See, e.g.*, *Vistaprint*, 628 F.3d. at 1346 (judicial

4    economy favored keeping case in district where there was "co-pending litigation before the trial

5    court involving the same patent and underlying technology); *EEOC*, 850 F.2d at 974 ("It is of

6    obvious importance to all the litigants to have a single determination of their controversy . . . .").

7    Indeed, the Federal Circuit recently observed that "even if trying . . . two related cases before the

8    same court may not involve the same defendants and accused products," trying these cases

9    before a single court "may be beneficial from the standpoint of judicial resources."  *Vistaprint*,

10    628 F.3d at 1344.

11         Litigating this case in Delaware would be judicially efficient because for over a year

12    SoftView has been prosecuting a patent infringement case there that involves the same patents

13    and the same technology.  Including HTC in the Delaware Action adds only incrementally to the

14    judicial resources to be expended there, because there are numerous other Android-based phone

15    makers accused of infringement and the Delaware Action will proceed in some form whether or

16    not SoftView's claims against HTC are litigated there.   In contrast, allowing HTC's declaratory

17    judgment action to proceed would require this Court to familiarize itself with the same patents

18    and technology as the Delaware court, to construe the same claims as the Delaware court, and to

19    resolve the same validity issues as the Delaware court.

20    **C.  Convenience factors in this case pale in comparison to the policy against anticipatory litigation and considerations of judicial economy.**

21

22         Analysis of competing forums should "take[] account of the convenience factors under 28

23    U.S.C. §  1404(a)."  *Micron Tech.*, 518 F.3d at 904.  But convenience factors are not dispositive.

24    The Federal Circuit has confirmed recently that convenience can be trumped by considerations

25    such as judicial economy.  *In re Aliphcom*, No. 971, 2011 U.S. App. LEXIS 2604, at *3-*4 (Fed.

26    Cir. Feb. 9, 2011); *Vistaprint*, 628 F.3d at 1346.

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1        Under Ninth Circuit law, the convenience factors include "(1) the location where the

2 relevant agreements were negotiated and executed, (2) the state that is most familiar with the

3 governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the

4 forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the

5 differences in the costs of litigation in the two forums, (7) the availability of compulsory process

6 to compel attendance of unwilling nonparty witnesses, and (8) the ease of access to sources of

7 proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *Vernon v. Qwest*

8 *Commc'ns. Int'l, Inc.*, 643 F. Supp. 2d 1256, 1270 (W.D. Wash. 2009); *see also In re Acer Am.*

9 *Corp.*, 626 F.3d 1252, 1254 (Fed. Cir. 2010) (applying venue transfer law of regional circuit).

10        In *Vistaprint*, a patent infringement defendant moved to transfer from the Eastern District

11 of Texas to the District of Massachusetts. 628 F.3d at 1343. The defendant argued that

12 Massachusetts was a more convenient forum because its US subsidiary had a large presence

13 there, many of its employees who were potential trial witnesses lived in or near that forum, and

14 many of the defendant's relevant documents were stored there. *Id.* Although the district court

15 agreed that convenience weighed in favor of transfer, it denied the motion because convenience

16 was outweighed by the judicial economy of hearing the case in Texas. *Id.* The Texas court had

17 experience with the patent-in-suit from prior litigation, and there was a second, co-pending case

18 before the Texas court in which the plaintiff was suing a different defendant for infringement of

19 the patent-in-suit. *Id.* at 1344. The Federal Circuit rejected the plaintiff's proposed bright-line

20 rule that focused on convenience factors over judicial economy, emphasizing the "discretionary

21 nature" of this analysis, and found that the trial court was within its discretion to deny the

22 transfer motion based on judicial economy considerations. *Id.* at 1346-47.

23        Here, while certain convenience factors may favor the Washington forum, they are

24 heavily outweighed by the judicial economy that would stem from proceeding in Delaware. To

25 be sure, both SoftView and HTC have some ties to the Western District of Washington. There is

26 even a possibility that HTC entities maintain some relevant documents, or perform some relevant

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 10
Case No. 2:11-cv-908

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

1    work, in Washington, as HTC alleges.  But HTC is a sophisticated, international family of

2    companies, headquartered in Taiwan and with offices around the globe.  HTC's American

3    presence is certainly not limited to Washington.  Its Exedea, Inc subsidiary, for example, is a

4    Texas corporation.  As such, many witnesses and documents are likely located outside of

5    Washington—if not out of the country—so Washington would, at most, be minimally more

6    convenience than Delaware.[3]  Of course, while SoftView is a Washington company, it has

7    elected to bring suit in Delaware on the patents-in-suit, negating any argument that Washington

8    would be a more convenient forum for SoftView.

9         Further, HTC is inconsistent in its own descriptions about its ties to Washington.

10    Although HTC describes HTC America, Inc. as "incorporated under the laws of the State of

11    Washington" in its complaint here, just a few months ago HTC filed an answer in the Eastern

12    District of Texas stating that "HTC America is a Texas corporation."  Naini Decl. Ex. E ¶ 17

13    (HTC Corporation and HTC America, Inc.'s Answer to Bandspeed Inc.'s First Amended

14    Complaint, *Bandspeed, Inc. v. Acer, Inc.*, No. 02:10-cv-215-TJW (E.D. Tex. filed Feb. 22,

15    2011)).  At a minimum, this inconsistency in HTC's pleadings casts doubt over the

16    meaningfulness of any purported ties to Washington.

17         It is also noteworthy that a separate action in Washington will impose substantially

18    greater litigation costs on SoftView than proceeding against all accused infringers in Delaware.

19    In contrast to HTC, SoftView is a small technology company with limited resources and no

20    litigation experience prior to the Delaware Action.  HTC's decision to bring this case in

21    Washington, rather than join the ongoing litigation in Delaware, has already put additional strain

22    on SoftView's resources.  It would be unfair to allow HTC to benefit from its anticipatory filing

23    when it appears calculated to pressure SoftView with higher litigation costs.

24

25

26

---

[3] With the digitization of records and communications, most documents are likely to be electronic (and therefore easily sent anywhere in the world), making the location of documents a less weighty factor than it once was.

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 11
Case No. 2:11-cv-908

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1  Many of the other convenience factors either do not apply to this case or do not favor

2  either forum.  For example, both courts are familiar with and capable of handling patent

3  litigation.  *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (noting that

4  "patent claims are governed by federal law, and as such both [the transferee and transferor]

5  courts are capable of applying patent law to infringement claims").  And the deference typically

6  afforded to the plaintiff's choice of forum is inapplicable here, because this case arose from

7  HTC's attempt to abrogate SoftView's choice of forum with an anticipatory filing.

8  Any mild preference for Washington is dwarfed by the substantial judicial economy that

9  would be achieved by litigating in Delaware.  The Federal Circuit has recognized that

10  convenience factors will not automatically resolve a choice of forum dispute.  *Aliphcom*, 2011

11  U.S. App. LEXIS 2604, at *3-*4; *Vistaprint*, 628 F.3d at 1346.  Here, the sizable gains in

12  judicial economy, along with the interests of justice—namely, preventing HTC from improperly

13  depriving SoftView of its chosen forum—overshadow any convenience HTC may experience

14  from litigating in Washington.

15  **CONCLUSION**

16  The Court should reject HTC's attempt to abrogate SoftView's choice of forum by

17  improperly anticipating joinder to the Delaware Action.  Delaware is the better forum for this

18  case because the Delaware Action has been pending for over a year and will proceed irrespective

19  of the Court's ruling on the instant motion.  SoftView's infringement claims against HTC could

20  proceed in Delaware without duplication of efforts and the possibility of inconsistent judgments

21  that would result if HTC's declaratory judgment action remains here.  These compelling reasons

22  to defer to the Delaware Action outweigh any convenience that might be afforded by litigating in

23  Washington.  Accordingly, SoftView respectfully requests that the Court either (1) transfer this

24  action to the United States District Court for the District of Delaware; (2) stay this action

25  pending resolution of the Delaware Action; or (3) dismiss this action without prejudice.

26

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 12
Case No. 2:11-cv-908

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1    Respectfully submitted July 25, 2011.

2

3                                      FOSTER PEPPER PLLC

4
                                       *s/ Tim J. Filer*
5                                      Tim J. Filer, WSBA No.16285
                                       1111 Third Avenue, Suite 3400
6                                      Seattle, Washington  98101-3299
                                       Telephone: (206) 447-4400
7                                      Facsimile: (206) 447-9700
                                       E-mail: filet@foster.com
8
                                       Attorneys for Defendant SoftView LLC
9

10                                     IRELL & MANELLA LLP

11                                     Craig Johnson *(admitted Pro Hac Vice)*
                                       Amir Naini *(admitted Pro Hac Vice)*
12                                     Samuel K Lu *(admitted pro hac vice)*
                                       1800 Avenue of the Stars, Suite 900
13                                     Los Angeles, CA 90067
                                       Telephone: (310) 203-7080
14                                     Facsimile: (310) 556-5376
                                       E-mail: CJohnson@irell.com
15                                     E-mail: anaini@irell.com
                                       Email: slu@irell.com
16

17

18

19

20

21

22

23

24

25

26

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS                    **FOSTER PEPPER PLLC**
THE ACTION - 13                                                       1111 THIRD AVENUE, SUITE 3400
Case No. 2:11-cv-908                                                  SEATTLE, WASHINGTON  98101-3299
                                                                      PHONE (206) 447-4400   FAX (206) 447-9700

1

**DECLARATION OF SERVICE**

2

The hereby certify that on July 25, 2011 I electronically filed the attached document with

3

the Clerk of the Court using the CM/ECF System which will send notification of such filing to

4

the following parties who have appeared in this action as of today's date:

5

6

Ryan McBrayer
RMcBrayer@perkinscoie.com

7

8

Bradley S. Keller
bkeller@byrneskeller.com

9

John Arthur Tondini
jtondini@byrneskeller.com,

10

11

Leo L. Lam (*pro hac vice*)
llam@kvn.com

12

13

Ashok Ramani (*pro hac vice*)
aramani@kvn.com

14

Asim Bhansali (*pro hac vice*)
abhansali@kvn.com

15

16

I also sent a copy of the attached document via U.S. Mail to the following:

17

NONE REQUIRED

18

I DECLARE under penalty of perjury under the laws of the State of Washington that the

19

foregoing is true and correct.

20

DATED July 25, 2011.

21

22

23

24

25

26

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 14
Case No. 2:11-cv-908

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

1

2

FOSTER PEPPER PLLC

3

4   /s/ Tim J. Filer

5   Tim J. Filer, WSBA #16285
    Telephone: 206-447-4400
6   Fax: 206-447-9700
    e-mail: FileT@foster.com

7

8   Attorneys for Defendant SoftView LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SOFTVIEW LLC'S MOTION TO TRANSFER, STAY, OR DISMISS
THE ACTION - 15
Case No. 2:11-cv-908