HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| HTC AMERICA, INC., a Washington corporation, HTC CORPORATION, a Taiwanese corporation, and EXEDEA INC., a Texas corporation,<br><br>                                   Plaintiffs,<br><br>          v.<br><br>SOFTVIEW LLC, a Washington limited liability company,<br><br>                                   Defendant. | Case No. 2:11-CV-908-TSZ<br><br>**HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO TRANSFER, STAY, OR DISMISS**<br><br>NOTE ON MOTION CALENDAR:<br>August 12, 2011<br><br>**ORAL ARGUMENT REQUESTED** |

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................1

II.   BACKGROUND ..................................................................................................2

    A.    SoftView sued Apple in the District of Delaware in May 2010 and accused Apple's proprietary "Safari" web browser of infringing the '353 and '926 patents...............................................................................2

    B.    Twelve months into its lawsuit against Apple, SoftView moved to amend its Delaware complaint to add *eighteen* new defendants— including HTC—and over *fifty* additional devices that do not use Apple's accused technology. ...........................................................................3

    C.    HTC filed suit against SoftView in the Western District of Washington because both sides have strong ties to this forum and this lawsuit was—and still is—the only lawsuit between the parties involving the '353 and '926 patents.................................................................................3

III.  ARGUMENT .......................................................................................................5

    A.    This Court provides the most convenient and proper forum under Section 1404(a). ...............................................................................................6

        1.    The parties' presence in and relevant contacts with this forum weigh heavily against transfer. ...............................................................7

        2.    The convenience of the witnesses also weighs against transfer. ................8

        3.    Access to proof will be far easier here than in the District of Delaware. ..........................................................................................9

        4.    The availability of compulsory process strongly favors this forum. ................................................................................................9

        5.    HTC's choice of forum and the convenience of the parties weigh heavily against transfer. ...............................................................10

        6.    The local interests of this forum are significant.......................................11

        7.    The congestion of the competing forums also weighs against transfer. ..........................................................................................11

        8.    Public policy and the competing forums' familiarity with the patent laws do not justify transfer.............................................................11

        9.    Judicial efficiency and the interests of justice do not justify transfer because SoftView's Delaware lawsuit involves unrelated defendants and products...............................................................12

575021.01

HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – i
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

## TABLE OF CONTENTS
### (cont'd)

Page

B.  SoftView's "first-to-file" and "anticipatory suit" arguments, even if credited, cannot override HTC's choice of an indisputably convenient and suitable forum................................................................14

1.  The "first-to-file" rule does not apply because this action is the *only* litigation between HTC and SoftView involving the '353 and '926 patents. ....................................................14

2.  This lawsuit is not anticipatory because SoftView's never threatened HTC with an "imminent" lawsuit, and in any event, a "robust consideration" of the convenience factors shows that *this* forum is proper.................................................................16

IV.  CONCLUSION.................................................................18

575021.01

HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – ii
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Alltrade, Inc. v. Uniweld Products, Inc.*
  946 F.2d 622 (9th Cir. 1991) ...................................................................................14

*Androphy v. Smith & Nephew, Inc.*
  31 F. Supp. 2d 620 (N.D. Ill. 1998) ..........................................................................12

*Asymetrix Corp. v. Lex Computer and Mgmt. Corp.*
  No. C94-588Z, 1995 WL 843059 (W.D. Wash Jan. 24, 1995) (Zilly, J.) ...................5, 6, 7, 14

*Charles Schwab & Co. v. Duffy*
  49 U.S.P.Q. 2d 1862 (N.D. Cal. 1998) .....................................................................17

*Data Retrieval Tech., LLC v. Sybase, Inc.*
  C08-1702 RSM, 2009 WL 960681 (W.D. Wash. Apr. 8, 2009) ..............................10

*Decker Coal Co. v. Commonwealth Edison Co.*
  805 F.2d 834 (9th Cir. 1986) ...........................................................................6, 10, 11

*Dole Food Co. v. Watts*
  303 F.3d 1104 (9th Cir. 2002) ...................................................................................18

*EEOC v. University of Pa.*
  850 F.2d 969 (3d Cir. 1988) ......................................................................................16

*Elec. for Imaging, Inc. v. Coyle*
  394 F.3d 1341 (Fed. Cir. 2005) .................................................................................17

*Fujitsu Ltd. v. Netgear Inc.*
  620 F.3d 1321 (Fed. Cir. 2010) .................................................................................14

*Genentech, Inc. v. Eli Lilly and Co.*
  998 F.2d 931 (Fed. Cir. 1993) .....................................................................................6

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*
  179 F.R.D. 264 (C.D. Cal. 1998) ...............................................................................16

*Hatch v. Reliance Ins. Co.*
  758 F.2d 409 (9th Cir. 1985) .......................................................................................5

*In re Aliphcom*
  No. 971, 2011 U.S. App. LEXIS 2604 (Fed. Cir. Feb. 9, 2011) ...............................14

*In re Genentech, Inc.*
  566 F.3d 1338 (Fed. Cir. 2009) .....................................................................8, 9, 10, 13

*In re Hoffmann-La Roche Inc.*
  587 F.3d 1333 (Fed. Cir. 2009) ...........................................................................10, 13

*In re Nintendo Co., Ltd*
  589 F.3d 1194 (Fed. Cir. 2009) .......................................................................10, 11, 13

575021.01

HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – iii
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

# TABLE OF AUTHORITIES
## (cont'd)

**Page(s)**

*In re TS Tech USA Corp.*
  551 F.3d 1315 (Fed. Cir. 2008) ................................................................8, 9, 11

*In re Vistaprint, Ltd.*
  628 F. 3d 1342 (Fed. Cir. 2010) ......................................................................13

*In re Volkswagen of Am., Inc.*
  545 F.3d 304 (5th Cir. 2008) ............................................................................8

*In re Zimmer Holdings, Inc.*
  609 F.3d 1378 (Fed. Cir. 2010) ......................................................................13

*Inherent.com v. Martindale-Hubbell*
  420 F. Supp. 2d 1093 (N.D. Cal. 2006) .........................................................16

*Interval Licensing LLC v. AOL, Inc.*
  No. C10-1385, 2011 WL 1655713 (W.D. Wash. Apr. 29, 2011)....................12

*Jones v. GNC Franchising, Inc.*
  211 F. 3d 495 (9th Cir. 2000) .......................................................................5, 6

*Magnavox Co. v. APF Elecs., Inc.*
  496 F. Supp. 29 (N.D. Ill. 1980) ....................................................................12

*Micron Tech. Inc. v. MOSAID Techs., Inc.*
  518 F.3d 897 (Fed. Cir. 2008) ............................................................... *passim*

*N.J. Mach. Inc. v. Alford Indus., Inc.*
  No. 89-1879, 1991 WL 340196 (D. N.J. Oct. 7, 1991) ...................................12

*Pergo, Inc. v. Alloc, Inc.*
  262 F. Supp. 2d 122 (S.D.N.Y. 2003) ............................................................12

*Philips Elecs. N. Am. Corp. v. Contec Corp.*
  220 F.R.D. 415 (D. Del. 2004) .......................................................................12

*Piper Aircraft Co. v. Reyno*
  454 U.S. 235 (1981).........................................................................................5

*Ravelo Monegro v. Rosa*
  211 F.3d 509 (9th Cir. 2000) ...........................................................................5

*San Francisco Tech., Inc. v. The Glad Prods. Co.*
  No. 10CV00966, 2010 WL 2943537 (N.D. Cal. July 26, 2010) .....................12

*Serco Servs. Co., LP v. Kelley Co., Inc.*
  51 F.3d 1037 (Fed. Cir. 1995) ........................................................................16

*Siemens Aktiengesellschaft v. Sonotone Corp.*
  370 F.Supp. 970 (N.D. Ill. 1973) ...................................................................12

*Sony Computer Entm't Am. Inc. v. Am. Med. Response, Inc.*
  No. C06-06603-CW, 2007 WL 781969 (N.D. Cal. March 13, 2007) .........16, 17

575021.01

HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – iv
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel: 415.391.5400
Fax: 415.397.7188

**TABLE OF AUTHORITIES**
(cont'd)

Page(s)

*Sorensen v. DMS Holdings, Inc.*
   No. 08CV559, 2010 WL 4909615 (S.D. Cal. Nov. 24, 2010)..................................12

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*
   No. 10-C-1101, 2010 WL 3516106 (N.D. Ill. Sept. 1, 2010)..................................12

*Star Asia U.S.A., LLC v. Great Neck Saw Mfrs., Inc.*
   No. C05-505Z, 2005 WL 1950297 (W.D. Wash. Aug. 12, 2005)
   (Zilly, J) ................................................................................................ *passim*

*Storage Tech. Corp. v. Cisco Sys., Inc.*
   329 F.3d 823 (Fed. Cir. 2003) ...............................................................5, 6

*Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
   564 F. Supp. 1358 (D. Del. 1983)...............................................................12

*WiAV Networks LLC v. 3Com Corp.*
   No. CV-10-03449-WHA, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) ...................12

*Wilton v. Seven Falls Co.*
   515 U.S. 277 (1995)...............................................................................6

**Federal Statutes**

28 U.S.C. § 1404(a) ...............................................................................5, 6

**Federal Rules**

Fed. R. Civ. P. 15(a)(1)...........................................................................15

Fed. R. Civ. P. 15(a)(2)...........................................................................15

FED. R. CIV. P. 15(c)(1)(C) .......................................................................15

Fed. R. Civ. P. 20 .................................................................................12

**Other Authorities**

WILLIAM W. SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE BEFORE
   TRIAL § 2:4598 (The Rutter Group 2010) ................................................15

WILLIAM W. SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE BEFORE
   TRIAL § 4:789 (The Rutter Group 2010) ..................................................6

WILLIAM W. SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE BEFORE
   TRIAL § 8:1460 (The Rutter Group 2010) ................................................15

575021.01

HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – v
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel: 415.391.5400
Fax: 415.397.7188

## I.    INTRODUCTION

SoftView curiously invokes the convenience-transfer statute to flee its home judicial district for Delaware.  But SoftView offers *no evidence* that proceeding on its home turf would be inconvenient to anybody.  This is no surprise, because this district is the most convenient district *in the country* to hear this case:  both sides are headquartered here, the named inventors of the disputed patents live here, and patent-prosecution counsel works here.  In contrast to these robust ties, no witness, party, or evidence is found in Delaware.

The only connection that SoftView can draw to Delaware is a lawsuit it filed against Apple and AT&T in that forum.  But that lawsuit accuses parties and products that have nothing to do with HTC.[1]  While SoftView has asserted the same two patents at issue in this lawsuit in its Delaware lawsuit, this Court has—in analogous circumstances—rejected an otherwise inconvenient transfer simply because of patent overlap.  *See Star Asia U.S.A., LLC v. Great Neck Saw Mfrs., Inc.,* No. C05-505Z, 2005 WL 1950297, at *5 (W.D. Wash. Aug. 12, 2005) (Zilly, J) (denying transfer of a declaratory-judgment action where, as here, the patentee had sued unrelated defendants over the same patents in a different forum).

Lacking the facts or law, SoftView instead strives mightily to create the impression that HTC acted improperly by filing this lawsuit.  Not so.  SoftView cannot avail itself of the first-to-file rule, or any exceptions thereto, because that rule applies only when parties file duplicative lawsuits in competing forums.  SoftView's unresolved motion to amend in Delaware does not qualify as a pending lawsuit for this purpose.  Indeed, were SoftView as concerned as it now claims about proceeding against HTC in Delaware, it could have filed a separate lawsuit in Delaware and moved to consolidate—a tactic that plaintiffs routinely employ.  Its failure to do so here shows that it is *SoftView*, not HTC, who is engaging in gamesmanship.

Nor can the "anticipatory suit" doctrine overcome SoftView's failure of proof.  That doctrine—which must yield to a convenience-transfer analysis in any event—applies only where

---

[1] HTC refers to Plaintiffs HTC America, Inc., HTC Corporation, and Exedea, Inc.

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

a party communicates a date-certain ultimatum that it will file an imminent lawsuit.  But SoftView's motion to amend in Delaware has none of those qualities.  That motion has been pending for over three months.  And even SoftView admits that it remains entirely uncertain when, if ever, that motion might be granted.  Finally, SoftView ignores the fact that the "anticipatory suit" doctrine is rooted in equity.  But there is nothing equitable about SoftView's attempt to cram HTC and fifteen unrelated entities into a lawsuit against Apple and AT&T that has been pending for over a year and is on the verge of claim construction.  SoftView's own questionable tactics are a further bar to the applicability of the "anticipatory suit" doctrine.

SoftView could have filed a fresh lawsuit against HTC in the District of Delaware to secure the first-filed forum.  It chose not to.  SoftView cannot now complain that HTC filed this declaratory-judgment action in what is indisputably the most convenient and proper forum for both the parties and expected witnesses.  For these reasons, SoftView's motion to transfer, stay, or dismiss this action must be denied.

## II.   BACKGROUND

**A.    SoftView sued Apple in the District of Delaware in May 2010 and accused Apple's proprietary "Safari" web browser of infringing the '353 and '926 patents.**

Fifteen months ago, SoftView filed a patent-infringement lawsuit against Apple Inc. and AT&T Mobility, LLC (collectively, "Apple") in the United States District Court for the District of Delaware.  In that lawsuit, SoftView accused Apple's proprietary "Safari" web browser on Apple's iPhone, iPod touch, and iPad products of infringing U.S. Patent Nos. 7,461,353 ("the '353 patent") and 7,831,926 ("the '926 patent").  As of the date of this filing, the operative complaint in the Delaware lawsuit—which has already been once amended—remains limited to Apple and its proprietary technology.  *See* Declaration of Ryan Wong in Support of HTC's Opposition to SoftView's Motion to Transfer, Stay, or Dismiss ("Wong Decl.") ¶ 2, Exh. A.

That litigation is now speeding towards claim construction.  SoftView and Apple—based upon the existing case schedule—will exchange claim terms in just over two weeks.  The parties

575021.01
HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 2
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

1  will then present a technology tutorial to the Delaware court and file opening claim construction

2  briefs next month, with a Markman hearing scheduled for the following month. *See id.* at ¶ 3,

3  Exh. B (the Delaware lawsuit docket).

4  **B.**   **Twelve months into its lawsuit against Apple, SoftView moved to amend its**

5  **Delaware complaint to add *eighteen* new defendants—including HTC—and over *fifty* additional devices that do not use Apple's accused technology.**

6  While litigating its case against Apple, SoftView decided to expand its patent-licensing

7  strategy to new defendants and products. It decided—nearly a year after suing Apple—that

8  eighteen unrelated entities, including HTC, should also be accused of infringing the '353 and

9  '926 patents. But those new patent-infringement claims targeted different technologies and

10  products that have no relation to Apple's accused "Safari" web browser and proprietary devices.

11  Indeed, SoftView's proposed allegations against HTC specifically target HTC-branded devices

12  that use Google's—not Apple's—"Android" operating system and web browser. *See id.* at ¶¶ 2

13  & 4, Exh. C.

14  Rather than file a separate lawsuit against HTC, SoftView moved to amend its complaint

15  against Apple in an attempt to graft its new lawsuit onto the old one. Apple objected. That

16  motion has now been pending for over three months, and the Delaware court has *still* not decided

17  whether to grant SoftView's request to add HTC to the Delaware action by way of its proposed

18  amended complaint. *See id.* at ¶ 3. It is unclear when, if ever, that addition might occur.

19  **C.**   **HTC filed suit against SoftView in the Western District of Washington because both**

20  **sides have strong ties to this forum and this lawsuit was—and still is—the only lawsuit between the parties involving the '353 and '926 patents.**

21  SoftView did not serve HTC with its motion to amend the Delaware complaint or the

22  proposed pleading attached to it. Nor did SoftView ever reach out to HTC to discuss licensing

23  the '353 and '926 patents. *See* Declaration of Jason Mackenzie in Support of HTC's Opposition

24  to SoftView's Motion to Transfer, Stay, or Dismiss ("Mackenzie Decl.") ¶ 12. And there is no

25  evidence in the record that SoftView contacted or notified anyone at HTC about its intent to file

26  a lawsuit in the District of Delaware.

27

28

After learning of SoftView's proposed allegations from a non-party business partner, HTC filed this declaratory-judgment action against SoftView on May 31, 2011.  *See* Dkt. No. 1 ("Complaint").  HTC selected the Western District of Washington because of the strong and relevant ties that both parties have to this forum, and the convenience of litigating this particular dispute in Washington State:

- SoftView and its parent company are both Washington limited liability companies that maintain principal places of business in Bellingham, Washington.  Bellingham is only 90 miles north of downtown Seattle.  *See* Complaint ¶ 4; Dkt. No. 31 ("Answer") ¶ 4; Wong Decl. ¶¶ 5-7, Exhs. D-F.

- SoftView and its parent company have conducted business in Washington State for almost three decades, as touted on SoftView's website.  *See* Wong Decl. ¶ 5, Exh. D.

- HTC America is a Washington corporation with a principal place of business in Bellevue, Washington.  Those Bellevue offices—which serve as HTC's North American headquarters—are just ten miles east of downtown Seattle.  *See id.* at ¶ 8, Exh. G; Mackenzie Decl. ¶ 3.[2]

- HTC employs over 200 employees in the Seattle area.  *See* Mackenzie Decl. ¶ 4.

- HTC manages its sales, marketing, and product-support activities for the American market from its Bellevue facilities.  *Id.* at ¶ 9.

- HTC engineers, including those who worked on relevant hardware and software design and development, primarily work and live in Taiwan—which is thousands of miles closer to Washington State than Delaware.  A small number of such engineers also work in Washington State.  *Id.* at ¶ 7; Wong Decl. ¶ 9.

- HTC maintains its sales and marketing documents, including sales literature, forecasts, and market analyses for the American market, primarily in Bellevue and to a lesser degree in Taiwan.  *See* Mackenzie Decl. ¶ 6.

- HTC maintains engineering, development, and manufacturing documents that relate to the accused products, as well as related royalty and partner agreements, primarily in Taiwan and to a lesser degree in Bellevue.  *Id.*

- HTC maintains design documents that relate to the accused products in Seattle, Bellevue, Taiwan, and San Francisco.  *Id.*

- Numerous potentially relevant witnesses are located in this judicial district, including: (1) Jason Mackenzie, President, Americas Region, overseeing HTC

---

[2] HTC America was, until December 2010, incorporated in Texas.  As noted in SoftView's motion, HTC inadvertently filed an answer in an unrelated Texas lawsuit that did not capture HTC America's current status as a Washington corporation.  That oversight is being addressed in the Texas matter.

575021.01
HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 4
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel: 415.391.5400
Fax: 415.397.7188

America, Inc.; (2) Drew Bamford, HTC America's Associate Vice President for User Experience; (3) Gary Rohrabaugh, named inventor of the patents-in-suit; (4) Scott Sherman, named inventor of the patents-in-suit; and (5) R. Alan Burnett, prosecution counsel for the patents-in-suit.  *See id.* ¶ 11; Wong Decl. ¶¶ 9, 10, & 15, Exhs. H & M.

- Other potentially relevant witnesses, including HTC engineers in Taiwan and Android-related witnesses from Google in Mountain View, California, are located much closer to Washington State than Delaware.  *See* Wong Decl. ¶ 9; Mackenzie Decl. ¶¶ 7, 10, & 11.

By contrast, neither HTC nor SoftView maintain offices, documents, or witnesses in or around the District of Delaware.  *See* Mackenzie Decl. ¶¶ 3, 5-8.  Indeed, SoftView failed to submit any evidence showing that litigating in Delaware would be convenient for the parties and witnesses.  *See* SoftView's Motion to Transfer, Stay, or Dismiss ("Motion") at 9-12.

### III.   ARGUMENT

While courts may transfer a civil action for the convenience of parties and witnesses and in the interest of justice, a "strong presumption" favors the plaintiff's choice of forum.  *See* 28 U.S.C. § 1404(a); *see also Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981).[3]  SoftView, as the party requesting transfer, bears the heavy burden of showing that a transfer is warranted, and therefore "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Asymetrix Corp. v. Lex Computer and Mgmt. Corp.*, No. C94-588Z, 1995 WL 843059, at *4 (W.D. Wash Jan. 24, 1995) (Zilly, J.); *see also Jones v. GNC Franchising, Inc.*, 211 F. 3d 495, 499 (9th Cir. 2000) (affirming the denial of a transfer motion where the moving party failed to show that the transferee forum was more appropriate).[4]

SoftView also bears the burden of substantiating its transfer demands with evidence.[5]

---

[3] Regional circuit law governs transfers of patent disputes sought under Section 1404(a).  *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

[4] The party demanding a transfer must also show that that the action "might have been brought" in the transferee forum.  *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  SoftView does not even mention that prerequisite in its motion.

[5] "Affidavits or declarations are required to establish whatever facts are involved: *e.g.*, the residence of the parties, the location of witnesses, physical evidence, etc.  In any case, the

575021.01
HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 5
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel: 415.391.5400
Fax: 415.397.7188

From that evidence, a court may consider various convenience factors to determine whether transfer is warranted, including:  (1) the plaintiff's choice of forum; (2) each forums' familiarity with the governing law; (3) the respective parties' relevant contacts with the forum; (4) the convenience interests of witnesses; (5) differences in the litigation costs; (6) the availability of compulsory process; (7) the ease of access to sources of proof; (8) public policy and local interests of the competing forums; and (9) relative court congestion.  *See Jones*, 211 F.3d at 498-99; *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The convenience-transfer factors also "take on added significance" in a first-to-file analysis.  *See Micron Tech. Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904-05 (Fed. Cir. 2008).[6] In circumstances where competing forum interests are at stake, the trial court "must consider the real underlying dispute: the convenience and suitability of competing forums" and give "robust consideration" of the convenience factors to ensure that "the case will be heard [in] the most convenient or suitable forum."  *See id.* at 902, 904-05 (reversing the trial court's dismissal of a declaratory-judgment action because "the jurisdiction of the first filed declaratory judgment action appears to be the more convenient forum for both parties").

SoftView has not come close to overcoming the strong presumption favoring this forum.

**A.     This Court provides the most convenient and proper forum under Section 1404(a).**

SoftView must "make a strong showing of inconvenience" to prevail on its transfer motion, *see Asymetrix*, 1995 WL 843059, at *4, but surprisingly presents *no evidence* that Delaware would be a more convenient forum to litigate this dispute.  Instead, SoftView concedes that the "convenience factors may favor the Washington forum" and admits that "SoftView and

---

affidavits must be *admissible evidence* of the facts involved—*i.e.*, nonhearsay statements by a competent witness.  Conclusory declarations are *not* sufficient."  WILLIAM W. SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 4:789 (The Rutter Group 2010) (emphasis in original).

[6] While the Federal Circuit previously indicated that its law governed the first-to-file rule, *see Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the *Micron Tech* decision makes clear that the first-to-file rule ultimately gives way to a convenience-transfer analysis under 28 U.S.C. § 1404(a), which is governed by regional circuit law.  *See* 518 F.3d at 904; *see also Storage Tech*, 329 F.3d at 836.

575021.01
HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 6
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

1  HTC have some ties to the Western District of Washington" and "HTC entities maintain some

2  relevant documents, or perform some relevant work, in Washington[.]"  *See* Motion at 10-11.

3          HTC agrees that the convenience factors strongly favor this forum.  As shown below,

4  HTC's evidence—which is the only evidence in the record bearing on this point—confirms that

5  *this* Court provides the most convenient and equitable forum to litigate this dispute.

6          **1.      The parties' presence in and relevant contacts with this forum weigh heavily
              against transfer.**

7

8          SoftView sheepishly concedes that the parties have "some ties" to the Western District of

9  Washington.  But that is an understatement.  HTC America, which is a Washington corporation,

10  maintains its North American headquarters in Bellevue—ten miles east of downtown Seattle—

11  and over 200 employees in the Seattle area receive paychecks from HTC.  *See* Wong Decl. ¶ 8,

12  Exh. G; Mackenzie Decl. ¶¶ 3 & 4.  HTC also manages its sales, marketing, and product-support

13  activities for the American market—which are likely to be relevant to SoftView's patent-

14  infringement allegations—from its Bellevue headquarters.  *See* Mackenzie Decl. ¶¶ 6 & 9.  This

15  forum is also far more convenient, in terms of point-to-point travel distance, for employees of

16  HTC Corporation, which is based in Taiwan.  *See id.* at ¶ 3; Wong Decl. ¶ 9.

17          SoftView's ties to this forum are equally strong.  SoftView and its parent company,

18  SoftSource LLC, are both based in Bellingham, Washington, which is within the Western

19  District of Washington and only 90 miles north of downtown Seattle.  *See* Wong Decl. ¶¶ 5-7,

20  Exhs. D-F.  Even more significant, the named inventors for the asserted patents reside in

21  Bellingham and Seattle, and the applications for both patents-in-suit were prosecuted by a

22  Bellevue attorney.  *See id.* at ¶¶ 10 & 15, Exhs. H & M.  Thus, it is highly likely that the asserted

23  patents were conceived and reduced to practice in this judicial district.

24          By contrast, HTC maintains no facilities or documents in the District of Delaware, and

25  SoftView has supplied no evidence that it maintains any business presence or conducts business

26  activities in or near Delaware.  *See* Mackenzie Decl. ¶¶ 3 & 5; Motion at 9-12.  Given the

27

28

1  complete lack of relevant connections between the parties and the Delaware forum, this factor

2  weighs heavily against transfer.

3         **2.**        **The convenience of the witnesses also weighs against transfer.**

4         The "'convenience of the witnesses is probably the single most important factor in the

5  transfer analysis.'"  *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (quoting *Neil*

6  *Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)).  There is no

7  question that this judicial district—compared with the District of Delaware—is a far more

8  convenient forum for witnesses on both sides of this dispute.

9         *First*, several of HTC's potential witnesses work in its Bellevue and Seattle facilities, and

10  would not need to travel in order to participate in this litigation.  *See* Mackenzie Decl. ¶¶ 2, 9, &

11  11; Wong Decl. ¶¶ 9 & 16; *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir.

12  2008) ("[I]t is an obvious conclusion that it is more convenient for witnesses to testify at home.")

13  (quotation marks omitted).  And potential HTC witnesses outside this judicial district—including

14  HTC employees and engineers in San Francisco and Taiwan, and potential witnesses from

15  Google in Mountain View, California—are significantly closer to the Western District of

16  Washington than the District of Delaware.  *See* Mackenzie Decl. ¶¶ 6, 7, & 10; Wong Decl. ¶¶ 9

17  & 16; *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("It goes without

18  saying that '[a]dditional distance [from home] means additional travel time; additional travel

19  time increases the probability for meal and lodging expenses; and additional travel time with

20  overnight stays increases the time which these fact witnesses must be away from their regular

21  employment.'") (citing *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004)).

22         *Second*, SoftView and its parent company operate exclusively in this judicial district, and

23  all of the publicly disclosed individuals involved in the invention and prosecution of the patents-

24  in-suit are based in Bellingham, Bellevue, and Seattle—all within 100 miles of this Court's

25  Seattle courthouse.  *See* Wong Decl. ¶¶ 6, 9, & 10.

26         Finally, SoftView has not identified, and HTC is not currently aware of, any relevant

27

28

witnesses located in or around the District of Delaware. *See* Mackenzie Decl. ¶¶ 3, 5-8; Motion at 9-12. On that record, this factor also weighs heavily against transfer.

### 3.  Access to proof will be far easier here than in the District of Delaware.

In patent-infringement cases, "the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the [accused infringer's] documents are kept weighs in favor of transfer to that location." *Genentech,* 566 F.3d at 1345 (citation omitted).

Most if not all of HTC's potentially relevant documents—including its sales and marketing documents, its engineering, development, and manufacturing documents that relate to the accused products, its relevant royalty and partner agreements, and its design documents that relate to the accused products—are located either in this judicial district, or in San Francisco or Taiwan. *See* Mackenzie Decl. ¶ 6. All of those locations are substantially closer to *this* judicial district than the District of Delaware.[7] *See* Wong Decl. ¶ 9. This too weighs heavily against transfer.

### 4.  The availability of compulsory process strongly favors this forum.

The availability of compulsory process to secure the attendance of non-party witnesses also favors this forum. SoftView has not identified a single witness within the subpoena power of the District of Delaware. But many key witnesses—including the purported co-inventors of the asserted patents and the attorney who prosecuted those patents—are within this Court's subpoena power. *See id.* at ¶¶ 9 & 15, Exh. M.[8] So too is SoftSource, the parent company of SoftView. SoftSource, which is based in Bellingham, Washington, was an assignee of both asserted patents, and purportedly "has been developing award winning Vector Graphics Display

---

[7] Recognizing that this factor weighs against transfer, SoftView argues that the digitization of records "makes the location of documents a less weighty factor than it once was." Motion at 11. But the fact "that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *TS Tech*, 551 F.3d at 1320-21 (finding that the trial court abused its discretion by failing to credit this factor).

[8] For example, the two inventors on the face of the asserted patents, Gary Rohrabaugh and Scott Sherman, are based in Bellingham and Seattle, respectively. And the prosecuting attorney, R. Alan Burnett, is based in Bellevue.

575021.01
HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 9
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

1   systems and Internet standards since 1982." *See id.* at ¶¶ 5, 13, & 14, Exhs. D, K, & L.

2   SoftSource's work in that area appears highly relevant to the reduction to practice and validity of

3   SoftView's asserted patents, which were issued in 2008 and 2011 and allegedly cover the

4   "scalable display of internet content on mobile devices." *See id.* at ¶ 10, Exh. H.  The fact that

5   this Court has "usable subpoena power" over those relevant non-party entities weighs in favor of

6   proceeding with the case here, "and not only slightly."  *Genentech*, 566 F.3d at 1345.

7       **5.   HTC's choice of forum and the convenience of the parties weigh heavily**
            **against transfer.**

8

9       The "strong presumption" in favor of HTC's choice of forum "must be taken into account

10  when deciding whether the convenience of the parties . . . requires a transfer." *See Data*

11  *Retrieval Tech., LLC v. Sybase, Inc.*, C08-1702 RSM, 2009 WL 960681, at *3 (W.D. Wash.

12  Apr. 8, 2009) (citations omitted).  Absent a "strong showing of inconvenience" by SoftView or

13  evidence that HTC lacks "any material connection" with the chosen forum, HTC's selection of

14  the Western District of Washington should not be disturbed.  *See Decker Coal,* 805 F.2d at 843;

15  *see also In re Nintendo Co., Ltd*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (transfer was proper only

16  because "[n]o parties, witnesses, or evidence [had] any material connection to the venue chosen

17  by the plaintiff"); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (same).

18      With respect to this factor, SoftView's only "convenience" argument is that litigating in

19  Washington State would impose "higher litigation costs" on SoftView because it filed a separate

20  lawsuit in Delaware over fifteen months ago.  But SoftView's litigation activities against other

21  entities have nothing to do with the convenience of the parties to *this* lawsuit.  Moreover, while

22  SoftView contends that it is "a small technology company with limited resources," it submitted

23  no evidence of those "limited resources" or of the "higher litigation costs" it foresees.  *See*

24  Motion at 11.  Without any supporting evidence, SoftView's unsubstantiated arguments cannot

25  be credited.  *See supra note* 5.  And in any event, transferring this dispute to Delaware to lessen

26  SoftView's unrelated litigation costs would only create new inconveniences for HTC and its

27

28  575021.01
    HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
    TRANSFER, STAY, OR DISMISS – 10
    Case No. 2:11-CV-908-TSZ

1   witnesses.  That is not a legitimate justification for transfer.  *See Decker Coal*, 805 F.2d at 843

2   (transfer is not warranted where it "would merely shift rather than eliminate the inconvenience").

3          **6.       The local interests of this forum are significant.**

4          The District of Delaware lacks a unique interest in this patent dispute.  *See TS Tech*, 551

5   F.3d at 1321.  But *this* Court has an undeniable local interest in this dispute.  Both HTC America

6   and SoftView are organized under Washington State law, both entities maintain principal places

7   of business in and around the Seattle area, and HTC employs hundreds of Washingtonians.  *See*

8   Mackenzie Decl. ¶¶ 3 & 4; Wong Decl. ¶¶ 5 & 6, Exhs. D & E.  Combined with the convenient

9   location of relevant witnesses and documents in this judicial district, it is clear that "the local

10  interest of the Western District of Washington [i]s high."  *See Nintendo*, 589 F.3d at 1198

11  (reaching the same conclusion on similar evidence).

12         **7.       The congestion of the competing forums also weighs against transfer.**

13         The Western District of Washington is an efficient forum.  According to recent statistics,

14  the median time interval to resolve a case in this judicial district is 6.5 months; and 17.3 months

15  by trial.  By contrast, the median time interval to resolve a case the District of Delaware is 10.6

16  months; and over 30 months by trial.  *See* Wong Decl. ¶ 11, Exh I.  Since transfer to Delaware

17  "would cause significant delay because of congestion" in that forum, that too weighs against

18  transfer.  *See Star Asia*, 2005 WL 1950297, at *5 (denying transfer based, in part, on the relative

19  congestion of the forums).

20         **8.       Public policy and the competing forums' familiarity with the patent laws do
                     not justify transfer.**

21

22         SoftView does not contend that the public policy of enforcing the patent laws justifies a

23  transfer to Delaware.  Indeed, both judicial districts have an equal interest in protecting the

24  integrity of the patent system.  And both parties agree that the Western District of Washington

25  and the District of Delaware are equally capable of applying patent law.  *See TS Tech*, 551 F.3d

26  at 1320.  Those factors do not, in any way, support SoftView's motion.

27

28  575021.01
    HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
    TRANSFER, STAY, OR DISMISS – 11
    Case No. 2:11-CV-908-TSZ

1

2

**9.      Judicial efficiency and the interests of justice do not justify transfer because SoftView's Delaware lawsuit involves unrelated defendants and products.**

3

4

5

6

7

8

9

10

11

12

SoftView's motion relies on the false proposition that "judicial efficiency" and "the interests of justice" are served by suing numerous unrelated defendants and products in a single mass-patent action. That reliance is misplaced. Courts throughout the Ninth Circuit—including *this* Court—have rejected SoftView's argument that throwing unrelated defendants accused of separate acts of patent infringement "into a mass pit with others to suit plaintiff's convenience" is efficient or even proper under the Federal Rules of Civil Procedure. *See WiAV Networks LLC v. 3Com Corp.*, No. CV-10-03449-WHA, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010) (suing unrelated defendants in a single patent action is misjoinder under Rule 20 of the Federal Rules of Civil Procedure and "does nothing to obviate the bone-crushing burden of individualized methods of proof unique to each [accused] product").[9]

13

14

15

16

17

18

19

20

And in *Star Asia*, this Court rejected the very argument that SoftView makes here. 2005 WL 1950297, at *5. In that case, Great Neck—the patentee—moved to transfer a declaratory-judgment action from this Court to the Eastern District of New York, where it had filed three separate patent-infringement lawsuits involving the same patents. *Id.* Great Neck argued, as SoftView does here, that allowing the declaratory-judgment action to continue in the Western District of Washington would be "unjust" and "inefficient," since a transfer would supposedly allow the declaratory-judgment action to be consolidated with the other New York lawsuits. *See id.* This Court rejected that argument:

21

22

23

24

25

26

27

[9] *See also Interval Licensing LLC v. AOL, Inc.*, No. C10-1385, 2011 WL 1655713 (W.D. Wash. Apr. 29, 2011); *San Francisco Tech., Inc. v. The Glad Prods. Co.*, No. 10CV00966, 2010 WL 2943537 (N.D. Cal. July 26, 2010); *Sorensen v. DMS Holdings, Inc.*, No. 08CV559, 2010 WL 4909615 (S.D. Cal. Nov. 24, 2010). These rulings are not limited to the Ninth Circuit. *See Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10-C-1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010)*; Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004); *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998); *N.J. Mach. Inc. v. Alford Indus., Inc.*, No. 89-1879, 1991 WL 340196, at *1 (D. N.J. Oct. 7, 1991); Paine, *Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983); *Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 34 (N.D. Ill. 1980); *Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F.Supp. 970, 974 (N.D. Ill. 1973).

28

575021.01
HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 12
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

> The Defendant in this case has filed three other actions in the Eastern District of New York that involve utility knives similar to the one in this action. . . . However, **consolidation is not a reason to transfer in this case because there is no evidence that the four suits are related except that they involve the same Great Neck patents**, so transfer would not result in consolidation.

*Id.* (emphasis added).  Since the patentee in *Star Asia* presented no evidence "to suggest that it would be unjust or inefficient" to proceed separately with the Washington State lawsuit, this Court properly denied its transfer demands.

That rationale—which has been echoed by numerous other decisions—applies here. SoftView has submitted no evidence that its Delaware lawsuit against Apple is related to HTC's declaratory-judgment lawsuit "except that they involve the same . . . patents." *Id.*  And because joinder, even if proper, is "easily manipulated" by patent holders, SoftView's thinly veiled plans to corral multiple defendants in a mass-patent action in Delaware cannot justify transfer.  *See Micron*, 518 F.3d at 903.  Rather, the Federal Circuit has made clear that patent disputes should be heard in venues with which they have meaningful ties.  *See, e.g.*, *Nintendo*, 589 F.3d at 1198; *Hoffman La-Roche*, 587 F.3d at 1336; *Genentech*, 566 F.3d at 1348; *TS Tech*, 551 F.3d at 1319-21; *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010).

The *In re Vistaprint, Ltd.* decision cited heavily by SoftView does not state a contrary rule.  628 F. 3d 1342 (Fed. Cir. 2010).  In that decision, the Federal Circuit held that a district court may consider its own familiarity with a particular patent to *deny* a transfer motion.  *See id.* at 1344.  But SoftView tries to twist that holding to *justify* its own transfer demands, implying that all litigation involving the patents-in-suit, wherever filed and however inconvenient, must be litigated in the District of Delaware.  The Federal Circuit specifically cautioned against such abuses, noting that *Vistaprint* "d[id] not mean that, once a patent is litigated in a particular venue the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that venue." *Id.* at 1347, n.3.  A "free pass" is exactly what SoftView seeks here, since

575021.01

HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 13
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

1    it is clear that this Court provides a far more convenient forum for the parties and witnesses.[10]

2        SoftView bears the heavy burden of justifying transfer.  Because SoftView has failed to

3    "make a strong showing of inconvenience to warrant upsetting [HTC]'s choice of forum[,]" its

4    motion must be denied.  *See Asymetrix*, 1995 WL 843059, at *4.

5    **B.    SoftView's "first-to-file" and "anticipatory suit" arguments, even if credited, cannot override HTC's choice of an indisputably convenient and suitable forum.**

6

7        SoftView argues that its Delaware lawsuit against Apple should be treated as a "first-

8    filed" lawsuit against HTC, and that HTC's declaratory-judgment action should be thrown out as

9    an improper "anticipatory suit."  But even if those arguments had merit, which they do not, they

10   cannot overcome SoftView's failure to make any showing of inconvenience or injustice under

11   the convenience factors.  *See Micron*, 518 F.3d at 904-05 (whether a declaratory-judgment action

12   is anticipatory is "merely one factor in the analysis[,]" and courts must give "robust

13   consideration" to the convenience factors to ensure that "the case will be heard or transferred to

14   the most convenient or suitable forum").  SoftView's arguments under the "first-to-file" are

15   therefore futile, and as explained below, meritless as well.

16       **1.    The "first-to-file" rule does not apply because this action is the *only* litigation between HTC and SoftView involving the '353 and '926 patents.**

17

18       The "first-to-file" rule applies only where duplicative actions have been filed and are

19   pending in competing federal forums.  *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d

20   622, 625 (9th Cir. 1991) (explaining that the first-to-file rule "may be invoked 'when a complaint

21   *involving the same parties and issues* has already been filed in another district.'") (citation

22

23

24   [10] SoftView's reliance on *In re Aliphcom*, No. 971, 2011 U.S. App. LEXIS 2604 (Fed. Cir. Feb. 9, 2011), is equally misplaced.  That case involved an industry standard and products

25   compliant with that standard.  *See id.* at *3-4.  Such claims are uniquely amenable to efficient methods of proof that may obviate the need to prove direct infringement on a product-by-product

26   basis.  *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010).  SoftView has not accused HTC, Apple, or any other entity of infringement through compliance with an industry

27   standard.

28   575021.01
HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 14
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

omitted) (emphasis added).[11]  But this lawsuit is currently the only civil action between HTC and SoftView involving the patents-in-suit.  Since HTC's declaratory-judgment lawsuit is not duplicative of any other action, SoftView's "first-to-file" arguments fail.

SoftView nevertheless asks the Court, without citing any legal authority, to treat its Delaware lawsuit against Apple as the "first-filed" lawsuit between HTC and SoftView.  To that end, SoftView points to its pending motion to amend its Delaware complaint—seeking leave to add HTC and other unrelated entities as defendants—that it filed a few weeks before HTC initiated this declaratory-judgment action.[12]  But filing a motion to amend cannot be treated as filing a lawsuit for numerous reasons.

*First,* a proposed amended pleading filed without leave of court "has *no* legal effect." *See* WILLIAM W. SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 8:1460 (The Rutter Group 2010) (emphasis in original).  To give legal effect to such an unauthorized pleading would obliterate Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides exactly the opposite.  *Second*, SoftView's arguments presume that the Delaware court will actually grant its motion to amend.  But that is entirely speculative.  To give legal effect to a motion that may be ultimately denied—and a proposed amended pleading that may be wholly rejected—is nonsensical.

Finally, even if the Delaware court adds HTC as a defendant to the Delaware lawsuit, HTC's declaratory-judgment action in the Western District of Washington would remain the "first-filed" lawsuit between the parties.[13]  SoftView does not—and cannot—prove otherwise.

---

[11] *See also* WILLIAM W. SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 2:4598 (The Rutter Group 2010) ("Where two actions involving overlapping issues and parties are pending in two federal courts, "there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.") (citation omitted).

[12] SoftView could not amend the Delaware complaint as a matter of course, because—among other reasons—it had previously amended the complaint and its proposed amendments come nearly a year after it filed its original complaint.  *See* Fed. R. Civ. P. 15(a)(1).

[13] The addition of HTC to the Delaware lawsuit, if that ever happens, would *not* "relate back" to the date of SoftView's original Delaware complaint, since—among other procedural defects— HTC did not receive notice of the action "within the [120 day] period provided by Rule 4(m)." *See* FED. R. CIV. P. 15(c)(1)(C).

575021.01

HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 15
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

**2.      This lawsuit is not anticipatory because SoftView's never threatened HTC with an "imminent" lawsuit, and in any event, a "robust consideration" of the convenience factors shows that *this* forum is proper.**

SoftView acknowledges that "[t]he general rule favors the forum of the first-filed action, whether or not it is a declaratory judgment action." *Micron*, 518 F.3d at 904.  But SoftView nevertheless asks the Court to disregard that presumption under the so-called "anticipatory suit" exception to the "first-to-file" rule. *See* Motion at 6-9.  Notwithstanding the fact that the "first-to-file" rule is inapplicable here, SoftView's argument fails for various reasons.

*First*, SoftView never provided HTC with any "specific, concrete indications that a suit . . . was imminent[,]" which is a strict prerequisite to invoking the "anticipatory suit" exception. *See Sony Computer Entm't Am. Inc. v. Am. Med. Response, Inc.*, No. C06-06603-CW, 2007 WL 781969, at *3 (N.D. Cal. March 13, 2007) (citation omitted).  Merely raising the specter of a future lawsuit does not meet those requirements. *See id.* (a statement that a lawsuit "may be filed" after a particular date does not establish that a lawsuit was "imminent")*; see also Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099-1100 (N.D. Cal. 2006) (a statement that a lawsuit "will be filed" in five days meets the "imminent" suit requirement).[14] But SoftView's motion to amend in Delaware does not provide any "specific" or "concrete" indications when—*if ever*—HTC might be added to the Delaware lawsuit.  And precisely because SoftView's motion has been pending for over three months, and might be eventually denied, it cannot be said that a Delaware lawsuit was ever "imminent."[15] *See Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 272-74 (C.D. Cal. 1998) (it is not "anticipatory" to file a declaratory-judgment action to "alleviate the necessity of waiting

---

[14] The cases cited in SoftView's motion are in accord with this rule. *See Serco Servs. Co.*, *LP  v. Kelley Co.*, *Inc.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995) (a letter stating that the patentee "will commence a law suit" after a particular date triggered the "anticipatory suit" exception); *see also EEOC v. University of Pa.*, 850 F.2d 969, 972 (3d Cir. 1988) (the "anticipatory suit" exception applied where "[t]he EEOC notified the University that unless it responded to the subpoena within twenty days . . . , subpoena enforcement proceedings would be initiated").

[15] Indeed, in a recent letter filed in the Delaware lawsuit, SoftView admitted that its motion to amend created "uncertainty of whether and when additional infringers will join the case." *See* Wong Decl. ¶ 12, Exh. J.

575021.01

HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 16
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

1    indefinitely for a patent owner to file an infringement action").

2          *Second*, SoftView completely ignores the purpose of the "anticipatory suit" exception: to

3    encourage parties to engage in good-faith settlement discussions rather than rushing to file suit.

4    *See Charles Schwab & Co. v. Duffy*, 49 U.S.P.Q. 2d 1862, 1864 (N.D. Cal. 1998); *see also Sony*

5    *Computer*, 2007 WL 781969, at *4 ("The anticipatory filing exception . . . encourages settlement

6    negotiations and other attempts to resolve lawsuits prior to litigation.").  But SoftView did not

7    even try to initiate settlement discussions with HTC before filing its motion in Delaware.  *See*

8    Mackenzie Decl. ¶ 12; *see also Sony Computer*, 2007 WL 781969, at *4 (rejecting an

9    "anticipatory suit" argument because "settlement negotiations were not deterred by the filing of

10   the [first-filed] lawsuit").  Instead, SoftView chose to file its improper motion, despite the fact

11   that it "could have filed its action in the forum of its choice before [HTC] filed a suit[.]"  *See id*

12   at *3 (rejecting an "anticipatory suit" argument on those grounds).  Given that choice, SoftView

13   cannot avail itself of the "anticipatory suit" doctrine.

14          Finally*, even if this Court finds that HTC's lawsuit is anticipatory, which it is not, that is

15   an insufficient basis to grant SoftView's motion.  *See Micron*, 518 F.3d at 904; *see also Elec. for*

16   *Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005) (the intent of the filing party is

17   "merely one factor . . . in the analysis").  Courts must still give "robust consideration" of "the

18   convenience and availability of witnesses" and "considerations relating to the interest of justice"

19   to ensure that "the case will be heard or transferred to the most convenient or suitable forum."

20   *Micron*, 518 F.3d at 904-05.

21          As discussed above, the convenience factors—including HTC's choice of forum and the

22   evidence it submitted with this opposition brief—weigh heavily against transferring this action.

23   *See supra* Section II.A.  Moreover, all of SoftView's "equity" and "judicial economy" arguments

24   ring hollow.  There is nothing equitable or efficient about SoftView's attempt to cram HTC and

25   fifteen unrelated entities into a lawsuit against Apple and AT&T that has been pending for over a

26   year and is on the verge of claim construction.  Nor can SoftView justify its actions based upon

27

28
     575021.01
     HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO                   **Keker & Van Nest LLP**
     TRANSFER, STAY, OR DISMISS – 17                                  633 Battery Street
     Case No. 2:11-CV-908-TSZ                                   San Francisco, CA 94111-1809
                                                                    Tel:  415.391.5400
                                                                    Fax:  415.397.7188

1   the flawed theory that a patentee can dictate and exercise exclusive control over where its patents

2   are litigated.  Those arguments have already been considered and rejected by this Court and

3   others.  *See* supra Section II.A.9; *see also Star Asia*, 2005 WL 1950297, at *5 (refusing to

4   transfer or dismiss a declaratory-judgment action despite the patentee's argument that it would

5   be "unjust" and "inefficient" to litigate in separate forums).

6          Under the analysis required by *Micron* and the evidentiary record before the Court, this

7   case should remain in the Western District of Washington.

## IV.    CONCLUSION

9          HTC cannot be blamed for choosing to litigate in this forum, which has unparalleled ties

10   to both the parties and witnesses, and is the most convenient forum in the entire country to

11   litigate this dispute.  Because SoftView failed to make "a clear showing of facts" to "establish

12   such oppression and vexation of a defendant as to be out of proportion to [its] convenience[,]" its

13   motion to transfer, stay, or dismiss this case must be denied.  *See Dole Food Co. v. Watts,* 303

14   F.3d 1104, 1118 (9th Cir. 2002).

575021.01
HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 18
Case No. 2:11-CV-908-TSZ

**Keker & Van Nest LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
Fax:  415.397.7188

Dated:  August 8, 2011                              Respectfully submitted,


By:  /s/ Ryan J. McBrayer
        Ryan J. McBrayer, WSBA No. 28338
        RMcBrayer@perkinscoie.com
        PERKINS COIE LLP
        1201 Third Avenue, Suite 4800
        Seattle, WA 98101-3099
        Telephone:  (206) 359-8000
        Facsimile:  (206) 359-9000


        Of Counsel:
        Leo L. Lam
        Asim M. Bhansali
        Ashok Ramani
        KEKER & VAN NEST LLP
        633 Battery Street
        San Francisco, CA 94111-1806
        Telephone:  (415) 391-5400
        Facsimile:  (415) 397-7188

        Attorneys for Plaintiffs HTC America, Inc.,
        HTC Corporation, and Exedea, Inc.

575021.01

HTC'S OPPOSITION TO SOFTVIEW'S MOTION TO
TRANSFER, STAY, OR DISMISS – 19
Case No. 2:11-CV-908-TSZ